81 F.3d 169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melishiw MEHARI-AMIDEGIORGIS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70732.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1995.
Decided March 21, 1996.
 
 Before: FLETCHER, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Melishiw Mehari-Amidegiorgis ("Mehari") petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the decision of an Immigration Judge ("IJ") denying Mehari's request for political asylum, 8 U.S.C. § 1158(a), and withholding of deportation, 8 U.S.C. § 1253(h). We conclude that the BIA's decision was not supported by substantial evidence in the record and grant the petition for review.
 
 
 3
 At her first immigration hearing in September 1989, Mehari, represented by counsel, conceded deportability but renewed her request for asylum and withholding of deportation, and requested an extension of time to file a new asylum application with the assistance of counsel and to obtain a qualified interpreter for the hearing. The IJ granted this request and continued the hearing.
 
 
 4
 Mehari's second asylum application was similar in most respects to her first application, except that the answers to a number of questions were expanded in factual detail. At the hearing in December 1989, Mehari testified before a different IJ that she had requested permission to file a second application due to language difficulties she had had with Father Michael Hatcher, who assisted her in completing her first application. Mehari and Fr. Hatcher did not have the benefit of an interpreter for her initial application. The record contains a declaration of Fr. Hatcher confirming these language difficulties and acknowledging the time constraints under which the first application had been completed. Fr. Hatcher also noted his lack of any familiarity with the asylum application procedure.
 
 
 5
 The IJ rejected Mehari's request for asylum and withholding of deportation. He found that although Mehari was generally credible, her testimony as to her problems with the Ethiopian government was not "totally credible" based on her demeanor and discrepancies he believed existed between her two applications for asylum. One decisive factor, cited by the IJ, was Mehari's failure to include any mention in her first application of detentions occurring after her 1976 imprisonment. The IJ also found that the allegation of later detentions was inconsistent with her continued employment as a government nurse: "It is highly illogical and defies credibility that respondent would be working for the government 1 week or for months at a time, would be taken off the job, sent to prison, and then report back to work the following Monday or whenever she's released." The IJ found similar problems with Mehari's testimony with respect to her husband's detention and later reemployment by the government.
 
 
 6
 The BIA did not adopt all of the IJ's findings. The BIA agreed, however, with his negative credibility determination and concluded that 1) Mehari had failed adequately to explain omissions of facts from her first application; 2) Mehari's testimony concerning her own and her husband's detention by government authorities was implausible and incredible; and 3) Mehari did not leave Ethiopia without governmental permission and therefore did not have a well-founded fear of persecution. None of these conclusions is supported by substantial evidence.
 
 
 7
 The record supports the existence, with respect to Mehari's first application, of language difficulties, time constraints, and lack of familiarity with the asylum application process. Mehari obtained permission to file a second asylum application. We find nothing remarkable about the fact that Mehari's second petition was considerably improved in relevant, consistent factual allegations. We reject, on the facts of this case, the conclusion of the second IJ and the BIA that Mehari's presentation of a second application containing consistent, albeit supplemental information, provides a rational basis for drawing a negative credibility inference.
 
 
 8
 Further, the BIA's and IJ's conclusion that Mehari's report of multiple detentions was inconsistent with her state hospital employment is not supported by the record. Mehari claims that over the course of five years she was detained five times for short periods of only 2-3 days on each occasion. Such sporadic, short-term detention does not on its face appear inconsistent with return to work as a nurse in a government hospital, and there was no evidence establishing any link between the security forces and the state hospitals which might plausibly support this conclusion. The BIA's and IJ's conclusion regarding the implausibility of Mehari's husband's employment by the government after prior detention also fails under this analysis.
 
 
 9
 The BIA also agreed with the IJ's finding that Mehari had no well-founded fear of persecution because she had obtained governmental permission to leave the country. The evidence, however, indicates that Mehari bribed a government official to obtain her visa to leave. The circumstances under which Mehari obtained her exit visa do not support the BIA's or IJ's finding that she left with government "permission."
 
 
 10
 We hold that the factual "discrepancies" relied upon by the BIA and IJ provide an insufficient basis for rejecting Mehari's credibility. Paredes-Urrestarazu v. INS, 36 F.3d 801, 817 (9th Cir.1994). Further, the inferences drawn concerning the implausibility of her factual allegations are not supported by substantial evidence. Aguilera-Cota v. INS, 914 F.2d 1375, 1381 (9th Cir.1990). Finally, we note that the BIA neglected to consider whether Mehari qualifies for asylum or withholding of deportation due to past actual persecution, or whether the persecution of her father or her membership in persecuted religious groups, in conjunction with the testimony of Reverend Tsige Nigatu, would merit the grant of asylum or withholding of deportation.
 
 
 11
 The petition for review is GRANTED. The case is remanded for further proceedings consistent with this memorandum.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3